UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
JMG GROUP LLC,
                Plaintiff,

v.

ANTHONY SASSO and ARTISIAN CAPITAL
PARTNERS,
                Defendants.
--------------------------------------------------------------x

**ORDER**

20 CV 8520 (VB)

      Plaintiff brings this action invoking subject matter jurisdiction by reason of diversity of citizenship under 28 U.S.C. § 1332(a)(1).

      To invoke diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship. Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996). Thus, 28 U.S.C. § 1332 "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." Id.; see also Lincoln Prop. Co. v. Roche, 546 U.S. 81, 89 (2005). Specifically, 28 U.S.C. § 1332(a)(1) applies when the dispute is between "citizens of different States."

      "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile." Palazzo ex rel. Delmage v. Corio, 232 F.3d 38, 42 (2d Cir. 2000). "Domicile is 'the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning.'" Id. (quoting Linardos v. Fortuna, 157 F.3d 945, 948 (2d Cir. 1998)). "[R]esidence alone is insufficient to establish domicile for jurisdictional purposes." Van Buskirk v. United Grp. of Cos., Inc., 935 F.3d 49, 54 (2d Cir. 2019).

      A limited liability company ("LLC") has the citizenship of each of its individual or entity members. Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 51–52 (2d Cir. 2000). Likewise, a partnership has the citizenship of each of its partners. Herrick Co., Inc. v. SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001).

      Furthermore, under Rule 18 of the SDNY Rules for the Division of Business Among District Judges, a civil case must be designated for assignment to the White Plains courthouse if:

    i.    The claim arose in whole or in major part in the Counties of Dutchess, Orange, Putnam, Rockland, Sullivan, or Westchester (the "Northern Counties") and at least one of the parties resides in the Northern Counties; or

    ii.    The claim arose in whole or in major part in the Northern Counties and none of the parties resides in this District.

A civil case may also be designated for assignment to White Plains if:

    iii.    The claim arose outside this district and at least some of the parties reside in the Northern Counties; or

    iv.    At least half of the parties reside in the Northern Counties.

Here, the complaint alleges "Plaintiffs are residents and citizens of the State of North Carolina," but fails to separately identify each individual or entity member of JMG Group, LLC, and each individual or entity member's citizenship.

The complaint further alleges "Defendants are residents and citizens of New York," but identifies neither each partner in Artisian Capital Partners nor the citizenship of each partner.

In addition, plaintiff alleges no facts indicating this claim arose in whole or in major part in the Northern Counties, or that any party resides in the Northern Counties. Therefore, it does not appear this case was properly designated to White Plains.

Accordingly, by October 27, 2020, plaintiff's counsel shall submit a letter explaining in detail:

1. the citizenship of every party in this case (including their constituent members) so that the Court can determine whether it has subject matter jurisdiction; and

2. why the case is properly designated for assignment to the White Plains courthouse under Rule 18.

Dated: October 20, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge