UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JMG GROUP LLC,

                                  Plaintiff,

                    -v-

ANTHONY SASSO and ARTISAN
CAPITAL PARTNERS,

                                Defendants.

20 Civ. 8520 (PAE)

ORDER

---

PAUL A. ENGELMAYER, District Judge:

       On October 13, 2020, plaintiff filed the complaint in this case, asserting diversity of citizenship of the parties as the sole basis for federal jurisdiction. Dkts. 1. On October 20, 2020, Judge Briccetti, to whom this case was previously assigned, ordered plaintiff to submit a letter "explaining in detail: . . . The citizenship of every party in this case (including their constituent members) so that the Court can determine whether it has subject matter jurisdiction[.]" Dkt. 3. On November 2, 2020, plaintiff submitted a letter in response. Dkt. 5-1. That letter, however, did not explain in detail the citizenship of plaintiff's constituent members or the constituent members of defendant Artisan Capital Partners. *Id.* Instead, it only repeated the complaint's allegation that "Plaintiff JMG Group, an LLC . . . , is a citizen of North Carolina under federal law" and stated that "Joyti Patel, the titular head of the corporate plaintiff, is a citizen of North Carolina." *Id.* As to the defendants, the letter also failed to identify the partners of the partnership, stating only that "Defendants Anthony Sasso and the company of which he is the titular head are citizens of New York[.]" *Id.* As the Court previously stated, "[n]one of these statements permit the Court to determine whether it possesses subject-matter over this dispute." Dkt. 6 ("November 4 Order") at 2.

Accordingly, on November 4, 2020, the Court issued an order alerting plaintiff that the complaint and its letter failed to adequately plead diversity because it did not identify the citizenship of plaintiff's members or of defendant Artisan Capital Partners' partners. *Id.* That order further directed plaintiff to file an amended complaint properly alleging diversity of parties, and granted it leave to do so. *Id.* at 2–3. The order made clear: "To enable the Court to determine whether there is diversity of citizenship, plaintiff[] must therefore file an amended complaint, which *must allege . . . the citizenship of natural persons who are members of the plaintiff LLC and who are members of the defendant partnership . . . .*" *Id.* at 2 (emphasis added). Absent such allegations, the Court warned plaintiff that this action would be dismissed. "If plaintiff[] [is] unable to amend the complaint to allege truthfully complete diversity based upon the citizenship of each constituent person or entity of the LLC and partnership, then the complaint will be dismissed, without prejudice, for want of subject-matter jurisdiction." *Id.*; *see Curley v. Brignoli, Curley & Roberts Assocs.*, 915 F.2d 81, 83 (2d Cir. 1990) ("[S]ubject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power."); *see also Herrick Co. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("[F]or purposes of establishing diversity, a partnership has the citizenship of each of its partners."); *Strother v. Harte*, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001) ("For purposes of diversity jurisdiction, a limited liability company has the citizenship of each of its members.").

On November 16, 2020, plaintiff filed an amended complaint. *See* Dkt. 7 ("AC"). That pleading, however, did not cure the defects identified in the Court's November 4 Order. Rather than identify the members of the plaintiff LLC, it merely lists its principal place of business and state of incorporation. *Id.* ¶ 1. It also notes, as plaintiff did in its November 2 letter, that "Joyte Patel, the titular head of the corporate plaintiff, is a citizen and domiciliary of North Carolina." *Id.*

Neither statement identifies the citizenship of the LLC's *members*, as the Court directed. *See* November 4 Order at 2. Similarly, the amended complaint fails to identify the partners or other constituent members of Artisan Capital Partners, instead stating that "Defendants are domiciled in the State of New York, County of New York and are citizens of New York State, County of New York; the corporate defendant, as does the individual defendant, Sasso, has its principal place of business at 90 Wall Street, New York." AC ¶ 1. As the Court previously stated, the information contained first in the complaint, then in plaintiff's November 2 letter, and now in the amended complaint is an insufficient basis on which to premise its limited subject-matter jurisdiction. *See* November 4 Order at 2 (absent adequate amendment, "the complaint will be dismissed, without prejudice, for want of subject-matter jurisdiction").

Because—despite the Court's instructions and notice—plaintiff has failed to plead facts sufficient to establish that the Court has subject-matter jurisdiction over this action, the Court is constrained to dismiss this case without prejudice. To be clear, this dismissal does not make any finding that the named parties are not diverse. Nor does this dismissal preclude plaintiff from filing this action anew, with good-faith allegations as to the citizenship of each of the parties constituent members, in any court of competent jurisdiction. It recognizes only that, absent well-pled allegations of diversity, the Court must dismiss the action.

Accordingly, this action is dismissed without prejudice.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 18, 2020
       New York, New York